836 F.2d 550
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin L. POSEY, Petitioner-Appellant,
v.
STATE of Ohio, City of Cleveland, Ohio, Common Pleas Court
of Cuyahoga County, Respondents-Appellees.
 No. 87-3503.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1987.
 
 1
 Before BOYCE F. MARTIN, Jr., and RALPH B. GUY, Jr., Circuit Judges, and EDWARD W. JOHNSTONE, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner, an Ohio prisoner, appeals the dismissal of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254. On June 5, 1985, petitioner was found guilty of rape following a bench trial in the Court of Common Pleas, Cuyahoga County, Ohio. As a result, he was sentenced to imprisonment for a term of 10 to 25 years. On appeal to the Ohio Court of Appeals, petitioner's conviction was affirmed in an opinion which rejected the petitioner's sole argument that his conviction was obtained on insufficient evidence. Without taking any further state appeals, petitioner then filed his petition for habeas relief in the district court for the Northern District of Ohio.
 
 
 4
 In his petition, petitioner argued that the trial court violated his protection against double jeopardy by considering two underlying burglaries during the sentencing phase of his trial. Petitioner also argued that his double jeopardy rights were violated by the grant jury's consideration of the specification in his indictment.
 
 
 5
 After providing the petitioner thirty days in which to show cause why his petition should not be dismissed for failure to establish cause and prejudice to excuse his failure to first present his claims to the state courts, the district court dismissed the petition. We have carefully reviewed the well reasoned memorandum and order of dismissal together with the record and the parties' arguments. Based on our examination, we conclude that no error was committed by the district court in dismissing petitioner's habeas petition.
 
 
 6
 Accordingly, the judgment of the district court entered on April 2, 1987, is affirmed for the reasons set forth in the memorandum and order of April 1, 1987. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, Chief U.S. District Judge for the Western District of Kentucky, sitting by designation